IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL MALDONADO,

    Plaintiff,

v.                                                                                   1:17-cv-00131-LF

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff Manuel Maldonado's Motion to Reverse or Remand the Administrative Decision with supporting memorandum (Docs. 21, 22), which was fully briefed on October 19, 2017. *See* Docs. 24, 26, 27. The parties consented to my entering final judgment in this case. Docs. 6, 11, 12. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") failed to properly apply the treating physician rule to Dr. Ursula Roblero's opinion. I therefore GRANT Mr. Maldonado's motion and remand this case to the Commissioner for further proceedings consistent with this opinion.

    **I.**     **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's

---

[1] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981, as it is in this case.

decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**II.     Applicable Law and Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity;" (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III. Background and Procedural History

Mr. Maldonado was born in 1955, completed a GED, and spent 35 years in prison. AR 47, 60, 196.[3] After his release from prison, he worked doing apartment maintenance, as an apartment groundskeeper, and doing construction cleanup. AR 74–77, 220. Mr. Maldonado filed an application for disability insurance benefits on July 11, 2013—alleging disability since March 21, 2013 due to compression and arthritis in his back and hips, hepatitis C, and cirrhosis. AR 196–97, 219. The Social Security Administration ("SSA") denied his claim initially on December 3, 2013. AR 119–22. The SSA denied his claims on reconsideration on March 27,

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

[3] Document 18-1 is the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

2014. AR 126–30. Mr. Maldonado requested a hearing before an ALJ. *See* AR 132. On December 31, 2015, ALJ Eric Weiss held a hearing. AR 37–85. ALJ Weiss issued his unfavorable decision on February 3, 2016. AR 16–36.[4]

At step one, the ALJ found that Mr. Maldonado had not engaged in substantial, gainful activity since March 31, 2013, his alleged onset date, through June 30, 2015, his date last insured. AR 21. At step two, the ALJ found that Mr. Maldonado suffered from the following severe impairments: degenerative changes to the lumbar spine and bilateral hips, Grade I anterolisthesis[5] of L-4, osteoarthritis, and mood disorder not otherwise specified. *Id.* The ALJ found the following impairments were nonsevere: cirrhosis of the liver, hepatitis C, swelling of lower extremity, gynecomastia, opioid dependence, and alcohol abuse. AR 22. At step three, the ALJ found that none of Mr. Maldonado's impairments, alone or in combination, met or medically equaled a Listing. AR 22–24. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Mr. Maldonado's RFC. AR 24–30. The ALJ found Mr. Maldonado had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except: the claimant is able to lift 20 pounds occasionally and lift and carry 10 pounds frequently; the claimant is able to push and pull 20 pounds occasionally and 10 pounds frequently; the claimant is able to walk and stand for six hours per eight hour workday and sit for six hours per eight hour workday with normal breaks; the claimant is able to occasionally climb ramps, stairs, ladders, and scaffolds, but never ropes; the claimant is able to occasionally stoop, crouch, kneel and crawl; the claimant is able to understand, remember and carry out simple instructions and make commensurate work related decisions; the claimant is able to adjust to routine changes in the work setting; the claimant is able to interact occasionally with supervisors, co-workers and the public; and, the claimant is able to maintain

---

[4] On January 26, 2017, Mr. Maldonado filed an application for supplemental security income. Doc. 26 at 2. The SSA approved this application, with an onset date of January 26, 2017. *Id.*

[5] "Anterolisthesis is a spine condition in which the upper vertebral body, the drum-shaped area in front of each vertebrae, slips forward onto the vertebra below." *Spine Health Glossary*, available at https://www.spine-health.com/glossary/anterolisthesis (last visited Aug. 20, 2018).

4

concentration, persistence and pace for two hours at a time during the workday with normal breaks.

AR 24–25.

At step four, the ALJ concluded that Mr. Maldonado was able to perform his past relevant work as a maintenance technician (as actually performed), and therefore was not disabled. AR 30–31. On March 2, 2016, Mr. Maldonado requested review of the ALJ's unfavorable decision by the Appeals Council. AR 15. On January 10, 2017, the Appeals Council denied the request for review. AR 1–7. Mr. Maldonado timely filed his appeal to this Court on January 27, 2017. Doc. 1.[6]

**IV.    Mr. Maldonado's Claims**

Mr. Maldonado raises four arguments for reversing and remanding this case: (1) the ALJ erred in his assessment of the weight to be given to the medical opinions of treating physicians Dr. Ursula Roblero and Dr. Samuel Tri, and physical consultative examiner Dr. Levi Maes; (2) the ALJ's RFC is not supported by substantial evidence; (3) the ALJ's step four finding that he could do his past relevant work is not supported by substantial evidence; and (4) the ALJ erred by not proceeding to step five and finding him disabled based on the Grids. Doc. 22 at 8–19.

Because I remand based on the ALJ's failure to properly analyze the opinion of treating physician Dr. Roblero, I do not address the other alleged errors, which "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

---

[6] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* AR 3.

V. **Analysis**

Mr. Maldonado argues that the ALJ failed to apply the treating physician rule, and failed to give valid reasons for giving "little weight" to the opinion of his treating physician Dr. Ursula Roblero. Doc. 22 at 10–12. The Commissioner argues that the ALJ gave valid reasons for giving Dr. Roblero's opinion little weight. Doc. 24 at 7–11. For the reasons discussed below, I find that the ALJ committed legal error by failing to conduct a proper treating source analysis of Dr. Roblero's opinion, and I remand on this basis.

In analyzing whether a treating source opinion is entitled to controlling weight, the ALJ must perform a two-step process. First, the ALJ must consider whether the opinion "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record." *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(2); *Watkins*, 350 F.3d at 1300). If the opinion meets both criteria, the ALJ must give the treating source's opinion controlling weight. *Id*. To give anything less than controlling weight, the ALJ must demonstrate with substantial evidence that the opinion (1) is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques," or (2) is "inconsistent with other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2).

If the ALJ does not assign a treating source's opinion controlling weight, step two of the analysis requires the ALJ to apply the six factors listed in the regulations to determine whether a treating source's opinion should be rejected altogether or assigned some lesser weight:

1. **Examining relationship**: more weight is given to the opinion of a source who has examined the claimant than to one who has not;
2. **Treatment relationship**: more weight is given to the opinion of a source who has treated the claimant than to one who has not; more weight is given to the opinion of a source who has treated the claimant for a long time over

6

> several visits and who has extensive knowledge about the claimant's impairment(s);
> 3. **Supportability:** more weight is given to a medical source opinion which is supported by relevant evidence (such as laboratory findings and medical signs), and to opinions supported by good explanations;
> 4. **Consistency:** the more consistent the opinion is with the record as a whole, the more weight it should be given;
> 5. **Specialization**: more weight is given to the opinion of a specialist giving an opinion in the area of his/her specialty; and
> 6. **Other factors:** any other factors that tend to contradict or support an opinion.

*See* 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6) (both effective Aug. 24, 2012 through March 26, 2017); *see also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Watkins*, 350 F.3d at 1301. As the first two factors make clear, even if an ALJ determines that a treating source opinion is not entitled to controlling weight, the opinion still is entitled to deference. SSR 96-2p, 1996 WL 374188, at *4 (July 2, 1996); *see also Watkins* 350 F.3d at 1300.

"Under the regulations, the agency rulings, and our case law, an ALJ must 'give good reasons in [the] notice of determination or decision' for the weight assigned to a treating [source's] opinion." *Watkins*, 350 F.3d at 1300 (quoting 20 C.F.R. § 404.1527(d)(2) and citing SSR 96-2p, 1996 WL 374188, at *5; *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003)). The reasons must be "tied to the factors specified in the cited regulations." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) (citing *Watkins*, 350 F.3d at 1300–01). And the reasons must be "supported by the evidence in the case record" and "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5.

On March 25, 2015, Dr. Roblero offered an opinion about Mr. Maldonado's ability to work. Dr. Roblero stated Mr. Maldonado had diagnoses of cirrhosis of the liver, osteoarthritis, hepatitis C, a history of heroin use, and a history of alcohol abuse. AR 425. Dr. Roblero based her opinion on the following objective findings: "elevated liver enzymes and U/S ["ultrasound"]

and CT scan consistent with cirrhosis," as well as on "low platelets." *Id*. Dr. Roblero stated that she had referred Mr. Maldonado to the liver clinic for treatment for hepatitis C and to assess whether he was a candidate for a liver transplant. AR 425, 429. Dr. Roblero stated that "Mr. Maldonado has a poor prognosis and he is likely to remain like this unless he is able to receive treatment through [the] liver clinic or have a liver transplant." AR 429. Dr. Roblero stated that Mr. Maldonado was "very weak and unstable due to his condition," and opined that he had the following limitations:

- Would require frequent and indefinite rest breaks throughout the workday;
- Able to sit, stand, and walk for only one hour "at a time";
- Able to sit, stand, and walk for only two hours total in an eight-hour workday;
- Unable to lift over 10 pounds, and able to lift up to 10 pounds only occasionally;
- Unable to carry over 10 pounds, and able to lift up to 10 pounds only occasionally;
- Able to use hands for simple grasping only occasionally;
- Able to use hands for fine manipulation only occasionally;
- Unable to use feet for repetitive motions, such as pushing and pulling of leg controls;
- Able to occasionally bend, squat, and reach;
- Unable to crawl or climb;
- Moderate restrictions in ability to do activities involving unprotected heights, being around machinery, exposure to marked changes in temperature and humidity, driving automotive equipment, and exposure to dust, fumes and gases.

AR 426–28.

The ALJ gave Dr. Roblero's opinion "little weight, as it is inconsistent with [her] findings, she has limited treatment records [from] which to base her opinion, and her opinion is inconsistent with the record as a whole." AR 27. The ALJ offered no explanation of how the opinion is inconsistent with Dr. Roblero's findings or the record as a whole. The ALJ failed to support the reasons for rejecting Dr. Roblero's opinion with "evidence in the case record" and

failed to ensure that the reasons were "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5. This failure requires remand.

As an initial matter, the Court notes that the ALJ failed to state whether he gave Dr. Roblero's opinion controlling weight. Mr. Maldonado does not argue that this failure requires remand. The Tenth Circuit has indicated that an ALJ's failure to complete the first step of the treating physician analysis does not always require remand. Some cases have held that an ALJ's failure to complete the first step is legal error which requires remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) ("A finding at this stage (as to whether the opinion is either unsupported or inconsistent with other substantial evidence) is ***necessary*** so that we can properly review the ALJ's determination on appeal.") (emphasis added); *Chrismon v. Colvin*, 531 F. App'x 893, 901 (10th Cir. 2013) (unpublished) ("Explicit findings properly tied to each step of the prescribed analysis facilitate meaningful judicial review" and are required to avoid remand.); *see also Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) (finding error where "[a]lthough it [was] obvious from the ALJ's decision that he did not give [the treating source's] opinion controlling weight, the ALJ never expressly stated that he was not affording it controlling weight, nor did he articulate a legitimate reason for not doing so"); *Daniell v. Astrue*, 384 F. App'x 798, 801 (10th Cir. 2010) (unpublished) (quoting *Watkins*, 350 F.3d at 1300). Other cases have held that an ALJ's failure to explicitly state whether a treating physician's opinion is entitled to controlling weight is *not* legal error requiring remand. *See Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014) ("Ms. Mays argues that the ALJ did not expressly state whether he had given Dr. Chorley's opinion 'controlling weight.' But the ALJ implicitly declined to give the opinion controlling weight. Because we can tell from the decision that the

ALJ declined to give controlling weight to Dr. Chorley's opinion, we will not reverse on this ground."); *Causey v. Barnhart*, 109 F. App'x 375, 378 (10th Cir. 2004) (unpublished) ("Implicit in the ALJ's decision is a finding that Dr. Waldrop's opinion . . . is not entitled to controlling weight."); *see also Andersen v. Astrue*, 319 F. App'x 712, 721 (10th Cir. 2009) (unpublished) ("It is apparent that the ALJ concluded that these opinions were not entitled to controlling weight. Although ordinarily the ALJ should have made explicit findings to this effect . . . we are not troubled by the substance of the ALJ's determination.").

The Court, however, need not decide in this case if the ALJ's failure to complete the first step of the treating physician analysis is legal error. This is because the ALJ's opinion provides no analysis of how Dr. Roblero's opinion is inconsistent with other substantial evidence in the record. The ALJ failed to give "**specific reasons** for the weight given to the treating source's medical opinion, **supported** by the evidence in the case record, [that are] **sufficiently specific** to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5 (emphasis added).

The ALJ failed to provide any explanation or analysis of the purported inconsistencies between Dr. Roblero's opinion that Mr. Maldonado was "weak and unstable" **due to his liver condition**, and her own treatment records, or the medical evidence of record. The ALJ did discuss the fact that Mr. Maldonado had several "normal physical examination[s]" with Dr. Roblero. *See* AR 26–27. The ALJ's discussion, however, focuses only on Mr. Maldonado's complaints of back and hip pain. *See* AR 26 ("on August 20, 2014, the claimant complained of constant pain in his hip, lower back, and tailbone. However, the claimant had a normal physical examination and Dr. Rob[l]ero did not set forth a course of treatment for the claimant."); AR 26

("At his appointment on January 9, 2015, the claimant's physical examination revealed a decreased range of motion of the lower extremities and hips; however, Dr. Rob[l]ero did not establish a treatment plan for the claimant.").[7]

The ALJ impermissibly ignored and minimized the evidence that Dr. Roblero relied upon in concluding that Mr. Maldonado was limited by his liver conditions. Dr. Roblero diagnosed Mr. Maldonado with cirrhosis on September 17, 2014. AR 447. Cirrhosis often has no signs or symptoms until liver damage is extensive. When signs and symptoms do occur, they may include fatigue . . . [and] breast enlargement in men." Mayo Clinic, *Cirrhosis Symptoms*, available at https://www.mayoclinic.org/diseases-conditions/cirrhosis/symptoms-causes/syc-20351487 (last visited Aug. 20, 2018). The ALJ described Dr. Roblero's February 18, 2015 finding that Mr. Maldonado "had breast tenderness/enlargement of the breasts and hair loss," but erroneously stated that Dr. Roblero did "not diagnose the claimant with a related impairment." AR 26–27. Dr. Roblero listed cirrhosis as a diagnosis during the February 18, 2015 visit. AR 439. The ALJ noted that, at his March 25, 2015 appointment, Mr. Maldonado complained of chest pain, weakness and fatigue, but emphasizes that he "had a normal physical examination." AR 27. As Mr. Maldonado points out, however, Dr. Roblero only assessed his general appearance, his heart and his lungs at this visit, and "[a] routine general examination would not

---

[7] The Commissioner, like the ALJ, focuses on the fact that Dr. Roblero's findings do not support Mr. Maldonado being as limited by his back and hip pain as Dr. Roblero opined. Doc. 24 at 5 ("Her other exams did not show reduced range of motion or any other abnormalities regarding his back or hips. And Dr. Roblero did not prescribe any treatment for his back or hips. Nevertheless, in March 2015, Dr. Roblero completed forms opining that Plaintiff had extreme physical limitations that would preclude all work." (internal citations omitted)); Doc. 24 at 7–8 ("After summarizing Dr. Roblero's treatment notes—which showed routine general examinations and no treatment specific to Plaintiff's back or hip conditions—the ALJ found Dr. Roblero had limited treatment records on which to base her opinion." (internal citations omitted)). The Commissioner, like the ALJ, ignores the fact that Dr. Roblero found Mr. Maldonado limited primarily by his liver conditions, not his back and hip conditions.

11

reveal either pain or fatigue, both of which are significantly disabling." Doc. 22 at 11 (citing AR 437). The ALJ's discussion of Dr. Roblero's treatment notes do not explain how Dr. Roblero's opinion is inconsistent with her findings. The ALJ's discussion focuses only on the physical examinations. These examinations may show that Mr. Maldonado was not as limited by his back and hip pain as Dr. Roblero opined, but they are not inconsistent with Dr. Roblero's opinion that Mr. Maldonado's liver conditions limited his ability to work.

The ALJ ignored the objective medical evidence Dr. Roblero cited in support of her opinion. Dr. Roblero supported her opinion with objective laboratory findings: elevated liver enzymes, low platelets, and an ultrasound and CT scan consistent with cirrhosis. AR 425. Dr. Roblero ordered bloodwork on 8/20/14, 2/18/2015, 2/25/2018, and on 4/23/15. AR 453–66. Mr. Maldonado's bloodwork repeatedly showed low platelets. AR 453, 458, 462. Low platelets, or thrombocytopenia, can cause fatigue. Mayo Clinic, Thrombocytopenia Symptoms, available at https://www.mayoclinic.org/diseases-conditions/thrombocytopenia/symptoms-causes/syc-20378293 (last visited Aug. 20, 2018). Dr. Roblero also ordered a CT scan which was done on November 7, 2014, and compared to an abdominal ultrasound from May 21, 2014 that showed a liver lesion. AR 445, 468–69. It is clear that Dr. Roblero found Mr. Maldonado limited primarily by his liver conditions—hepatitis C and cirrhosis. Dr. Roblero cited several pieces of objective evidence to support her opinion that Mr. Maldonado was "weak and unstable," had a "poor prognosis," and was "likely to remain like this unless he is able to receive treatment through [the] liver clinic or have a liver transplant." AR 429. The ALJ offers no explanation of how the normal physical examinations he cited contradict Dr. Roblero's opinion about Mr. Maldonado's liver condition, and the Court sees no obvious way in which these conflict.

In addition, the ALJ failed to explain how Dr. Roblero's opinion was inconsistent with the medical evidence of record. An ALJ's reasoning is not sufficiently specific if he or she merely states an opinion is inconsistent with the medical evidence, without further explanation. *Langley*, 373 F.3d at 1122–23; *see also Cagle v. Astrue*, 266 F. App'x 788, 792–93 (10th Cir. 2008) (unpublished); *Wise v. Barnhart*, 129 F. App'x 443, 447 (10th Cir. 2005) (unpublished); *King v. Barnhart*, 114 F. App'x 968, 972 (10th Cir. 2004) (unpublished). When an "ALJ fail[s] to explain or identify what the claimed inconsistencies [are] between [the treating physician's] opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings." *Langley*, 373 F.3d at 1123. This case is remanded so the ALJ can explain his reasons for finding Dr. Roblero's opinion inconsistent with other medical evidence, and for assigning her opinion "little weight."[8]

Mr. Maldonado argues that "additional fact finding would serve no useful purpose," and he asks the Court to grant him an immediate award of benefits. Doc. 22 at 20; Doc. 26 at 6. The Commissioner argues that remand is the appropriate remedy. Doc. 24 at 14 n.8. The Court agrees with the Commissioner. "When a decision of the Secretary is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits." *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In deciding which remedy is appropriate, the Court considers both "the length of time the matter

---

[8] The Court notes that the ALJ found Mr. Maldonado's cirrhosis and hepatitis C to be nonsevere at step two. However, this does not excuse the ALJ from considering all of a Mr. Maldonado's impairments when assessing the RFC. "[I]n assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe.*" *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)). An ALJ may not rely on a finding of non-severity at step two as a substitute for a proper RFC analysis. *Id.* "[A] finding of non-severity alone would not support a decision to prepare an RFC assessment omitting any . . . restriction." *Id.*

13

has been pending and whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits." *Salazar v. Barnhart,* 468 F.3d 615, 626 (10th Cir. 2006) (internal citations and quotations and alterations omitted). A remand for an immediate award of benefits "is appropriate when the record fully supports a determination that Plaintiff is disabled as a matter of law and is entitled to the benefits for which he applied." *Sorenson v. Bowen,* 888 F.2d 706, 713 (10th Cir. 1989).

Although this case has been pending for over 5 years, a remand for an award of immediate benefits is not appropriate. On remand, the ALJ will need to reweigh the opinion of Dr. Roblero. *See Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996) (finding remand appropriate "[b]ecause the appeals court does not reweigh the evidence in social security cases"). Consequently, the Court remands this case. The Court will not address Mr. Maldonado's other claims of error as they "may be affected by the ALJ's treatment of this case on remand." *Watkins*, 350 F.3d at 1299.

## VI. Conclusion

The ALJ erred by failing to properly apply the treating physician rule to Dr. Ursula Roblero's opinion. The Court remands so that the ALJ can remedy this error.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reverse and Remand the Administrative Decision (Doc. 21) is GRANTED.

IT IS FURTHER ORDERED that the Commissioner's final decision is REVERSED, and this case is REMANDED for further proceedings in accordance with this opinion.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent